

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,192-01

**EX PARTE MORRIS LANDON JOHNSON II, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR13895 IN THE 266TH DISTRICT COURT FROM ERATH COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery and sentenced to ten years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Johnson v. State*, No. 11-13-00174-CR (Tex. App.—Eastland, June 5, 2015)(not designated for publication).

Applicant contends that he is being denied parole review in this case. This is the first in a stacked series of cases. He contends that since the Texas Board of Pardons and Paroles is not timely reviewing this case for parole, he is being denied the possibility that this case would cease to operate

and allow the second sentence in the stacked series to begin.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit addressing the issue of whether Applicant is being timely reviewed for parole in this case.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is being properly reviewed for parole. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 29, 2016
Do not publish